**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:06-CR-155 CAS |
| v. ) | |
| ) | |
| ROBERT L. TAYLOR, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This closed criminal matter is before the Court on defendant Robert L. Taylor's motion to amend the Presentence Investigation Report ("PSR") prepared in this case. Defendant seeks to remove the following information from the PSR: (1) that defendant used a bat in connection with an assault, and (2) that defendant is a gang member. Defendant asserts that this information is false, and that the Court ordered it removed from the PSR at the sentencing hearing on July 13, 2006, when defendant was sentenced to 87 months imprisonment. Defendant also asserts that the U.S. Bureau of Prisons is using this information from the PSR to deny him a one-year credit for taking the 500-hour Residential Drug Treatment Program.

At the time of sentencing, the Court ordered that paragraph 35 of the PSR be modified to remove a reference to defendant striking the victim with a baseball bat, and instead to state that defendant threatened the victim with a bat. The Court also ordered that paragraph 44 of the PSR, which referred to defendant's gang membership, be deleted. The Court file contains a final, amended PSR which was filed on July 13, 2006 (Doc. 24). The final PSR reflects and incorporates the changes

ordered by the Court. Defendant's motion to amend the presentence investigation report should therefore be denied as moot.

To the extent defendant's motion is a challenge to the manner in which the Bureau of Prisons is executing this Court's sentence, a petition to challenge the manner, location, or condition of a sentence's execution must be brought pursuant to 28 U.S.C. § 2241 in the custodial court, which is the district court in which the prison where the defendant is incarcerated is located, in the district court for the District of Columbia, or in any district in which the BOP maintains a regional office.[1] See United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000); Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995). Further, prior to filing such a petition, defendant must first exhaust his administrative remedies by presenting the claim to the Bureau of Prisons. See Chappel, 208 F.3d at 1069.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Robert L. Taylor's motion to amend the presentence investigation report in this case is **DENIED as moot**. [Doc. 33]

                                                                                       */s/ Charles A. Shaw*
                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this  4th  day of November, 2008.

---

[1] The Bureau of Prisons does not maintain a regional office in the Eastern District of Missouri. United States v. Chappel, 208 F.3d 1069, 1069 n.2 (8th Cir. 2000).